George E. Tragos, Chief, Crim. Div., Asst. U.S. Atty., Tampa, Fla., for appellee.

**In re GRAND JURY MATTER: Grand Jury No. 83–5–13.**

**Appeal of ABC CORPORATION and Anonymous, Appellants.**

**No. 83–3742.**
**Non-Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

July 11, 1984.

Before GODBOLD, Chief Judge, RONEY and TJOFLAT, Circuit Judges.

PER CURIAM:

Attorney Walter E. Gwinn was served with a federal grand jury subpoena on October 25, 1983. The subpoena requested him to appear before the grand jury and bring with him records pertaining to sixteen clients. Subsequently, two of the sixteen clients, using the pseudonyms "ABC" and "Anonymous," moved to intervene. In support of their motions to intervene, they presented to the court at an ex parte hearing, through their attorneys, letters and other evidence of their identity and their attorney-client relationship with Mr.

Gwinn. The government, responding to the motion to intervene, did not contest that ABC and Anonymous were Gwinn's clients. However, it had seen only redacted copies of some documents presented at the ex parte hearing and did not know who the two men were. The government did state, however, with regard to the extent of the privilege, that it had a right to examine the clients to determine whether the privilege applied. The court denied the motions to intervene.

We note first that at this time the extent of the attorney-client privilege existing between Anonymous, ABC, and Mr. Gwinn, and the extent to which the grand jury proceedings at issue threaten that privilege, are not before the court. ABC and Anonymous appeal, and can appeal, only the denial of their motions to intervene.

On that limited question, we determine that the district court erred in denying the motions to intervene. The court had before it probative documentary evidence that an attorney-client relationship existed between ABC and Mr. Gwinn, and between Anonymous and Mr. Gwinn. The genuineness of the evidence that ABC and Anonymous were in fact Mr. Gwinn's clients was not challenged by the government. We have recognized that a "district court should allow intervention [by a client] in the first instance ... as soon as the [attorney-client] privilege issue is raised." *In Re Grand Jury Proceedings (Freeman),* 708 F.2d 1571, 1575 (11th Cir.1983); *see In Re Grand Jury Proceedings (Fine),* 641 F.2d 199, 201–03 (5th Cir. Unit A 1981).[1] That the client refuses to give his name is no bar to intervention. *Id.*

Naturally, once intervention is allowed the district court will need to determine the merits of the clients' motions to quash subpoena on the ground that the attorney-client privilege prevents grand jury inquiry of Mr. Gwinn in any respect. We intimate nothing about the respective burdens of the government and the clients when that situation arises. We hold only that the district court erred in denying ABC's and Anonymous' motion to intervene in this case.

VACATED and REMANDED.

---

1. In *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), this court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.